# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,                    )
                                      )
                                      )
                                      )    Case No. 1305007734
        v.                            )
                                      )
STEPHEN W. DEGREGORIIS                )
                                      )
        Defendant.                    )

Submitted: July 23, 2014
Decided:  August 1, 2014

Allison J. Abessinio, Esq.
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
        *Attorney for the State*

Louis B. Ferrara
Ferrara & Haley
1716 Wawaset Street
Wilmington, Delaware 19806
        *Attorney for Defendant*

## DECISION AFTER TRIAL

**RENNIE, J.**

## INTRODUCTION

On May 10, 2013, Stephen W. DeGregoriis (hereinafter "Defendant") was charged with Driving a Vehicle Under the Influence of Alcohol (hereinafter "DUI") in violation of 21 *Del. C.* § 4177(a) and Failure to Remain Stopped in violation of 21 *Del. C.* § 4352(a).[1] Defendant filed a motion to suppress evidence obtained as a result of Defendant's arrest. After a hearing, the Court found that probable cause existed for Defendant's arrest, and the case proceeded to trial. This is the Court's decision in the matter.

## FACTUAL BACKGROUND

The State's witness at trial was Corporal Megan Hazzard of the Delaware State Police (hereinafter "Corp. Hazzard"). Corp. Hazzard testified that on May 10, 2013, a little after 2:55 p.m., she was dispatched to the intersection of Marsh Road and Baynard Boulevard to assist Lieutenant Sean Duffy (hereinafter "Lt. Duffy"). Lt. Duffy had pulled over Defendant after Defendant pulled out in front of Lt. Duffy, forcing him to slam on his brakes to avoid a collision. When Corp. Hazzard arrived at the scene, Lt. Duffy explained to her why he pulled over Defendant, and also told her that he had detected a strong odor of alcohol emanating from Defendant's mouth.

Corp. Hazzard made contact with Defendant, whom she described as talkative, but cooperative. Corp. Hazzard also detected a strong odor of alcohol coming from Defendant's mouth, in addition to bloodshot eyes. When asked if he had been drinking, Defendant responded that he had imbibed two to three shots of vodka at his residence approximately 20 to 30 minutes prior to the police contact.

---

[1] Defendant was also charged with Failure to Have Insurance Identification in Possession, in violation of 21 *Del. C.* § 2118(p)(1).

Corp. Hazzard asked Defendant to perform some preliminary tests. Corp. Hazzard also had Defendant perform three NHTSA-approved field tests, and a portable breathalyzer test (PBT).[2] Following the completion of the field tests, Corp. Hazzard placed Defendant under arrest for DUI and transported him to Troop 1, where Defendant voluntarily submitted to an Intoxilyzer test and a second PBT.

The Court determined after the suppression hearing that Corp. Hazzard had probable cause to arrest Defendant for DUI.[3] At trial, the State sought to enter into evidence the Intoxilyzer card for Defendant through the testimony of Corp. Hazzard. After testimony and argument, the Court decided that Corp. Hazzard met the requirements to be considered an "other qualified witness" under D.R.E. 803(6),[4] but that she had failed to fully observe Defendant for a complete, uninterrupted 20-minute period prior to administering the Intoxilyzer.[5] Thus, the Court did not admit the Intoxilyzer card into evidence, and the State proceeded based upon an impairment theory under 21 Del. C. § 4177(a)(1).

---

[2] Corp. Hazzard administered the horizontal gaze nystagmus (HGN), walk-and-turn, and one-leg stand tests. The Court is not considering the results of the HGN test, because Corp. Hazzard did not testify that she has the necessary certifications to allow the results of the test to come into evidence pursuant to *State v. Ruthardt*, 680 A.2d 349. 355 (Del. Super. 1996). The Court will also not consider the results of both the walk-and-turn and one-leg stand tests, because Corp. Hazzard had Defendant perform the tests even though he informed her of physical injuries. Finally, the Court is not considering the results of the PBT, because the State failed to turn over the calibration records in a timely manner.

[3] The suppression hearing was held on June 11, 2014.

[4] *See Talley v. State*, 841 A.2d 308 (Del. 2003); *State v. Vickers*, 2010 WL 2299001, at *3 (Del. Com. Pl. June 9, 2010); *State v. Boyer*, 2006 WL 2666207 (Del. Com. Pl. Sept. 18, 2006).

[5] *Clawson v. State*, 867 A.2d 187, 192 (Del. 2005) (citing *Holland v. Voshell*, C.A. No. 86A-AP2, slip op. at 1 (Del. Super. Sept. 3, 1986); *State v. Subrick*, Cr.A. No. 93-12-0496, slip op. at 3 (Del. Com. Pl. Feb. 8, 1994)).

## DISCUSSION

### PROOF BEYOND A REASONABLE DOUBT
### THAT DEFENDANT WAS DRIVING UNDER THE INFLUENCE OF ALCOHOL

Under 21 *Del. C.* § 4177(a)(1), "[n]o person shall drive a vehicle [w]hen the person is under the influence of alcohol." The State must prove that the defendant was in control or driving a vehicle while also under the influence of alcohol. [6] The Court looks to the totality of the circumstances when determining whether the State has proven beyond a reasonable doubt that an individual was driving under the influence. [7] "The evidence must show that the person has consumed a sufficient amount of alcohol to cause the driver to be less able to exercise the judgment and control that a reasonably careful person in full possession of his or her faculties would exercise under like circumstances." [8]

First, there is no dispute that Defendant was driving the vehicle. Lt. Duffy witnessed Defendant driving. Further, when Corp. Hazzard arrived on the scene, she testified that she made contact with Defendant, who was in the driver's seat of the vehicle. The State has thus proven this element beyond a reasonable doubt.

Second, the evidence shows that Defendant was under the influence of alcohol while driving. In determining whether Defendant was under the influence of alcohol, the Court will consider all indicators present in this action, which include: near-miss accident; bloodshot eyes; strong odor of alcohol; and an admission to drinking two (2) to three (3) shots of vodka

---

[6] *Lewis v. State*, 626 A.2d 1350, 1355 (Del. 1993).

[7] *State v. Smallwood*, 2012 WL 5869624 (Com. Pl. Nov. 9, 2012).

[8] *State v. Mealy*, 2010 WL 175623 (Com. Pl. Jan. 20, 2010) (*quoting Lewis v. State*, 626 A.2d 1350, 1355 (Del. 1993)); see 21 *Del. C.* § 4177(c)(5) (stating, "'While under the influence' shall mean that the person is, because of alcohol or drugs or a combination of both, less able than the person would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle").

4

approximately 20 minutes prior to police contact. The Court considers all of the indicators together under the totality of the circumstances, and finds that the State proved beyond a reasonable doubt that Defendant was driving under the influence of alcohol. Even though the Court did not consider the field test results, the strength of the odor of alcohol emanating from Defendant's breath, combined with Defendant's admission to drinking multiple shots of liquor within a short time frame prior to driving a vehicle, and Defendant's inability to take due care when attempting to maneuver a relatively simple traffic situation, all demonstrate that Defendant was less able than an person ordinarily would be to exercise clear judgment and physical control when operating a vehicle.

## PROOF BEYOND A REASONABLE DOUBT THAT DEFENDANT FAILED TO STOP AT A STOP SIGN

Under 21 *Del. C.* § 4164(b), "The operator of any vehicle who has come to a full stop … shall yield the right-of-way to any vehicle … approaching on another roadway so closely as to constitute an immediate hazard and shall not enter into, upon or across such roadway or highway until such movement can be made in safety."

Lt. Duffy testified at the suppression hearing that as he was approaching Defendant's vehicle, Defendant pulled out from a stopped position without checking for oncoming traffic, forcing Lt. Duffy to take evasive action to avoid a collision. This testimony was then confirmed by Corp. Hazzard at trial. Defendant's counsel did not deny this action at trial. The State has therefore proven beyond a reasonable doubt that Defendant violated 21 *Del. C.* § 4164(b) by failing to stop at a stop sign when Lt. Duffy was approaching.

5

## CONCLUSION

The evidence in the record adduced at trial is that Defendant, who was stopped at a stop sign located at the intersection of Marsh Road and Baynard Boulevard, failed to check for oncoming traffic on both sides of his vehicle before pulling into the intersection. Lt. Duffy was traveling on Marsh Road as Defendant pulled out from Baynard Boulevard. Lt. Duffy had to perform evasive action in the form of slamming on his brakes and swerving to avoid a collision with Defendant. After pulling Defendant over for failure to stop at a stop sign, Lt. Duffy called for backup, because he was off duty. Corp. Hazzard arrived at the scene, and was briefed by Lt. Duffy on the near-miss accident and Lt. Duffy's observations. Corp. Hazzard herself, upon making contact with Defendant, noticed a strong odor of alcohol and Defendant's bloodshot eyes. Defendant also admitted to drinking two (2) to three (3) shots of vodka approximately 20 to 30 minutes prior to his contact with the police.

The indicators of impairment: near-miss accident caused by a failure to properly handle a simple driving situation; strong odor of alcohol; bloodshot eyes; and an admission to drinking a significant amount of alcohol closely preceding an attempt to drive, when considered under the totality of the circumstances, show that Defendant was less able than an ordinary person to exercise due care and caution when operating his vehicle.

The State has therefore met its burden to prove beyond a reasonable doubt that Defendant drove under the influence of alcohol pursuant to 21 *Del. C.* § 4177(a) and failed to remain stopped pursuant to 21 *Del. C.* § 4164(b).

6

Accordingly, the Court finds Defendant Stephen W. DeGregoriis **GUILTY** of Driving Under the Influence and Failure to Remain Stopped. This Judicial Officer shall retain jurisdiction of this case and will schedule it forthwith for sentencing.

**IT IS SO ORDERED THIS 1st DAY OF August, 2014.**

The Honorable Sheldon K. Rennie,
Judge

cc: Diane Healy, Judicial Case Manager